IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY)

| | |
|---|---|
| DUC MINH TRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| THE COUNTY OF DOUGLAS; DOUGLAS ) | |
| COUNTY BOARD OF COMMISSIONERS; ) | |
| LAWRENCE POLICE DEPARTMENT; THE ) | |
| CITY OF LAWRENCE; LAWRENCE BOARD ) | |
| OF CITY COMMISSIONERS; ) | |
| BRAD WILLIAMS, police officer; ) | |
| GREGORY C. BURNS, police chief; AMY A. ) | |
| McGOWAN, former Chief Assistant District ) | |
| Attorney; and, LeTIFFANY OBOZELE, Chief ) | |
| Prosecutor, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

COMES NOW, the plaintiff, Duc Minh Tran, by and through his counsel of record, Kurt P. Kerns of Kerns Law Group and Mark T. Schoenhofer of the Law Office of Mark T. Schoenhofer, LLC, and for his causes of action against defendants, states and alleges as follows:

**Introduction/Nature of Case**

1. Plaintiff Duc Tran was unconstitutionally beaten, injured, arrested, prosecuted, and eventually exonerated on charges manufactured by Defendants in Douglas County District Court Case No. 19-CR-708 ("underlying case"). This gross miscarriage of justice was brought about by the egregious misconduct of a law enforcement officer who attributed fabricated statements and false actions to Mr. Tran in a manufactured police report to conceal the true nature of the event.

1

Assisted by county prosecutors, false and manufactured criminal charges were pursued in order to cover the officer's crimes against Mr. Tran. All charges in the underlying case were dismissed by the District Court, with prejudice, on November 10, 2020.

2. At all times relevant hereto, Defendants Burns and Williams, while acting under color of state law, caused Mr. Tran to be subjected to the deprivation of rights and privileges secured by the United States Constitution.

**Parties**

3. Mr. Tran is, and at all times relevant has been, a resident of Lawrence, Douglas County, Kansas.

4. Defendant Brad Williams is a resident of Lawrence, Kansas and may be served at 111 E. 11th St., Lawrence, Kansas 66044, or wherever he may be found. At all times material, Williams is or was a duly appointed and acting police officer of the Lawrence Police Department, acting under color of law and in his individual capacity pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of Lawrence and the State of Kansas.

5. Defendant Gregory C. Burns was the Chief of Police in Lawrence, Kansas and may be served at 4820 Bob Billings Parkway, Lawrence, Kansas 66049, or wherever he may be found. At all times material, Burns was the Chief of Police and employed by the Lawrence Police Department located in Lawrence, Douglas County, Kansas.

6. Defendant Amy A. McGowan is a resident of Lawrence, Kansas and may be served at 111 E. 11th St., Lawrence, Kansas 66044, or wherever she may be found. At all times material, McGowan was the Chief Assistant District Attorney who knowingly, and maliciously, charged Mr. Tran without probable cause for the sole purpose of protecting Defendant Williams.

7. Defendant LeTiffany Obozele is a resident of Topeka, Kansas and may be served at 215 SE 7th St., Topeka, Kansas 66603, or wherever she may be found. At all times material, Obozele was the Assistant District Attorney who attempted to deny Mr. Tran access to exculpatory evidence, thereby attempting to deprive Mr. Tran of due process and a fair trial in order to protect Defendant Williams.

8. Defendant Lawrence Police Department is a duly designated law enforcement agency organized under K.S.A. § 19-4424-45 *et seq.*, and can be served with process at 4820 Bob Billings Parkway, Lawrence, Kansas 66049.

9. Defendant City of Lawrence, Kansas is a municipal corporation empowered to exercise home rule. The Lawrence Board of City Commissioners is a duly designated policymaking entity for the city pursuant to Kansas law and K.S.A. § 12-1001 *et seq.*, and can be served with process upon the City Clerk at City Hall, 6 East 6th Street, Lawrence, Kansas 66044.

10. Defendant Douglas County, Kansas is a body corporate and politic empowered to exercise home rule. The Douglas County Commissioners is a duly designated policymaking entity for the County under Kansas law and K.S.A. § 19-101 *et seq.*, and can be served with process upon the County Clerk at the County Courthouse, 1100 Massachusetts Street, Lawrence, Kansas 66044.

**Jurisdiction and Venue**

11. This is an action for redress for violations of the civil rights laws of the United States and jurisdiction of this Court is therefore invoked pursuant to 28 U.S.C. § 1343(a), 42 U.S.C. § 1983, and 20 U.S.C. § 1681(a).

12. Pursuant to 28 U.S.C. § 139(b), this Court has jurisdiction over the subject matter and the parties, and venue is properly laid in this judicial district.

13. Pursuant to K.S.A. § 12-105(b), Plaintiff provided notice of claims brought under the Kansas Torts Claims Act by letter dated February 22, 2021. No response was ever made by Defendants.

## Common Operative Allegations and Claims

14. On a hot summer night in 2019, Duc Tran was out skateboarding with friends and enjoying the warm evening. Out of nowhere, Lawrence Police Officer Brad Williams appeared and stopped Duc Tran because he was skateboarding in the roadway of the 700 block of New Hampshire St. The street was empty but for Tran and his friend, Aaron Chick. Mr. Tran and his friends have skateboarded in the streets of Lawrence for years without being ticketed or stopped by police. Mr. Tran had been told by other officers in the past to "be safe" when skateboarding in the street, and that the sidewalks were off limits. Tran had never before been told by an officer that skateboarding in the streets was illegal.

15. Tran told Williams that it was not illegal to skateboard in the roadway. Williams insisted it was illegal. Tran told Williams that he had been skateboarding in the streets for 15 years and that other officers told him he cannot skateboard on the sidewalks, so he and his friends skateboard in the streets. Tran told Williams "I'm 44 years old, and you're giving me a hard time for skateboarding in the street when I cannot skate on the sidewalks." Tran asked, "are you going to arrest me?" Williams told Tran, "You're not free to leave." Tran again responded, "are you going to arrest me?"

16. Despite the content of Williams' affidavit, Tran never turned his back on Williams or walked away. Tran certainly never threatened Williams. There are multiple dashcam video recordings of the incident, but not one officer directed his video camera at the incident, so the actions of Williams are not recorded; however, the audio is intact.

17. Williams tackled Tran. Williams grabbed one of Tran's arms, twisted it and lifted it, fracturing the proximal end of Tran's left ulna, and dislocating his shoulder. Audio recordings of the encounter between Williams and Tran reveal that Tran was attempting to comply with Williams' orders during the arrest procedure, but the full weight of Williams' body was on Tran, and Tran could not release one of his arms. Tran was calm during the arrest procedure, and warned Williams that he was breaking his arm while Williams was tugging at it. Tran asked Williams to lift him a little bit so he could release his arm. Tran also ensured Williams he was not going to go anywhere. Tran asked Williams "why aren't you listening to me?" Tran pleaded with Williams, "you're hurting me, man" and "you're breaking my arm." Tran repeated, "you're breaking my arm, I'll give you both of my hands, just get off me." Williams lost control mentally, yelling at Tran, and applying unnecessary force. Williams ignored all of Tran's requests, and inflicted needless injuries.

18. After handcuffing Tran, Williams lifted him by the handcuffs, further aggravating the injury, and driving Tran's face into the ground. Williams did this twice, chipping one of Tran's teeth. Tran yelled, "I will get up on my own." When a backup officer arrived, Tran pleaded with that officer to protect him from Williams.

19. Williams stopped Tran without a legal basis for the encroachment. Williams told Tran that skateboarding on the street is prohibited by ordinance, specifically Section 136 of the Standard Traffic ordinance. Section 136 does not apply to skateboards. Section 136 of the Standard Traffic Ordinance for Kansas Cities provides:

> **Use of Coasters, Roller Skates and Similar Devices Restricted**. No person upon roller skates, or riding in or by means of any coaster, toy vehicle, or similar device, shall go upon any roadway except while crossing a street at a cross walk and except upon streets set aside as play streets. K.S.A. 8-2002(a)(21).

20. This ordinance does not apply to skateboards. Skateboards are addressed in a different ordinance, and if the city of Lawrence had intended to outlaw the use of skateboards on all streets in Lawrence, it would have passed an ordinance employing the specific term skateboard, just as it did in Standard Traffic Ordinance Section 17-702.2. That ordinance is specific in its use of the term skateboard:

> SKATEBOARDING PROHIBITED. (A) It shall be unlawful for any person to ride, skate or use a coaster, roller skates, **skateboard**, roller blades, or other similar device on sidewalks and public parking lots and facilities in the area which is defined as the following boundary area: the area bounded by the Kansas River, including the Riverfront Plaza parking garage, on the north; the center line of the right-of way on Kentucky Street on the west; the center of the right-of-way on New Hampshire Street on the east; the center line of the right-of-way on north Park Street to Massachusetts and the center line of the right-of-way of 11th Street east of Massachusetts on the south. (B) It shall be unlawful for any person to ride, skate or use a coaster, roller skates, **skateboard**, roller blades, or other similar device on sidewalks in the area of Jayhawk Boulevard from West Campus Road to Thirteenth Street including 1000 feet on either side of this corridor on the University of Kansas campus. (Ord. 5820; Ord. 5926; Ord. 6150; Ord. 6330; Ord. 6794). (Emphasis added.)

21. Officer Williams seized Mr. Tran without reasonable suspicion of an ordinance violation. The seizure evolved into a full arrest and the infliction of significant physical injury to Tran. After cuffing Tran, (6:30 seconds into Williams' recording), Tran told Williams "If you're going to arrest me, tell me what you're arresting me for, and let me go or get the fuck off of me." Williams responded (at 6:34 into Williams' recording) "hey, you're not charged, and I need you to listen."

22. Tran was taken to jail. Charges were not filed, and Tran was released from jail. Upon Tran's release from jail, Duc Tran's counsel wrote to Police Chief Burns requesting that he preserve all evidence related to the incident. The Chief was put on notice that a civil suit may be forthcoming. Williams immediately reacted. After learning of counsel's letter, despite his previous

assurance to Tran that he was not "charged," Williams prepared an affidavit and presented it to the District Attorney's Office. The affidavit was filled with lies. That same day, Amy A. McGowan, Chief Assistant District Attorney, filed a complaint charging Tran with interference with law enforcement, a class A nonperson misdemeanor; assault of a law enforcement officer, a class A person misdemeanor; and, failure to obey lawful order of police officer, an unclassified misdemeanor. The charges were not supported by probable cause. Both Williams and McGowan knew the charges were manufactured for the sole purpose of protecting Williams from his exercise of excessive force and his needless and cruel infliction of physical injuries on Duc Tran.

23.    This was not the first time McGowan was involved in the prosecution of a man who would be later exonerated. McGowan faced disciplinary action for her involvement in the wrongful prosecution of Ricky Kidd for murder. McGowan buried exculpatory evidence in that case, just like the Douglas County District Attorney's Office buried exculpatory evidence in this case. Then, in the Albert Wilson rape trial, Ms. McGowan again withheld exculpatory evidence from the defense. In the Wilson case, Ms. McGowan redacted material portions of a psychologist's report and kept it from the defense.

24.    The Douglas County District Attorney's Office ("D.A.'s Office") participation in such outrageous government conduct continued in Duc Tran's case even after charges were filed. Despite repeated requests of Defense Counsel for the *Giglio* information on Defendant Williams, Assistant District Attorney LeTiffany Obozele denied Mr. Tran access to such information. Much in the same way that Ricky Kidd was denied access to exculpatory evidence, the D.A.'s Office attempted to deprive Mr. Tran of due process and a fair trial in order to protect Williams. The D.A.'s Office, through McGowan and Obozele, assisted in the malicious prosecution of Duc Tran. That malicious prosecution prejudiced Mr. Tran.

25. Chief Burns was grossly negligent, reckless, and malicious for failing to properly educate, train, and supervise Defendant Williams, specifically related to use of force, de-escalation of tense encounters (verbal Judo), and the proper handling of non-violent offenders. Williams lost his temper, yelled at the top of his vocal range, and used cruel, excessive force to punish Mr. Tran. Chief Burns also failed to properly train Williams to render aid to individuals he injures through the use of force. Mr. Tran was taken to the jail, not the hospital, after this incident, despite broken bones and dislocations.

26. Chief Burns is also responsible for the negligent hiring and retention of Williams. Chief Burns had the power and the duty to prevent or aid in the prevention of any cruel, inhumane, and abusive attacks by his officers on individuals.  Burns could have done so by terminating Williams' job, or by providing him the requisite training in use of force, anger management, de-escalation of tense situations, and proper handling non-violent traffic offenders. Chief Burns could also have done so by obtaining for Williams the medical or psychological care and treatment he needed.  Chief Burns failed in his duty, even when obvious warnings of a character defect were present.

27. Williams had previously exhibited repeated abusive and dishonest behavior.  For example, on February 12, 2019, the attorney for Jameson O'Connor wrote a letter to Chief Burns following trial in the case of *City of Lawrence v. Jameson O'Connor*.  Counsel informed Chief Burns that Mr. O'Connor was charged with a crime based on falsified reports and reports containing material omissions of two officers. The two officers were Brad Williams and Brian Wonderly.  Counsel advised Chief Burns that he obtained a video recording of the incident that directly contradicted the reports of these two officers.  Counsel also pointed out that the officers' bodycam recordings contradicted their own reports. Counsel sent to Chief Burns a copy of the trial

transcript, where the testimony of the two officers confirmed Williams' deceit. No investigation was conducted by Burns, and defense counsel did not get a letter from the department in response to his complaint until 16 months had passed. Only when Duc Tran's criminal counsel demanded the investigation of the O'Connor complaint did the letter to O'Connor's counsel appear. The dishonesty of Williams was ignored by the department. The investigation into Williams' behavior was ignored for more than a year.

28. Chief Burns is also vicariously liable for the gross and ordinary negligence, carelessness, and wanton, reckless and malicious behavior of Williams.

29. Williams was negligent, careless, and reckless. The force he used against Mr. Tran was excessive, indiscriminate, inordinate, unreasonable, in violation of "Use of Force" policies, national standards, department guidelines and standards, and is grossly negligent, careless, malicious, and reckless. There was no need at all for Williams to break Tran's elbow, dislocate his shoulder, fracture his tooth, or to inflict bruising and lacerations.

30. Lawrence Police Department Policy on use of force provides:

> 300.3 USE OF FORCE POLICY Officers shall use only that amount of force that reasonably appears necessary given the facts and circumstances perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose.

Here, Williams did not need to inflict such serious injuries to accomplish handcuffing. Moreover, he had no need at all to use force or to handcuff Mr. Tran, since he violated Mr. Tran's Fourth Amendment rights when stopping him on the street in which there was no basis for the stop to begin with. Williams assured Mr. Tran that he was not being charged with any crimes, so there was no basis to handcuff him. He then falsified an affidavit to bring charges against Mr. Tran to protect himself from the excessive use of force and the cruel infliction of serious physical injuries on Mr. Tran.

31. Williams used excessive, indiscriminate, inordinate, and unreasonable force in violation of the above policy and in contravention of training and national standards. Not only did Williams twist and break Mr. Tran's elbow and dislocate his shoulder, but he also lifted Tran by the cuffs after cuffing him, and drove Tran's face into the ground twice. Tran was unarmed, and was not a known dangerous offender.

32. Williams' use of force was excessive and unreasonable; in violation of the Fourth Amendment's ban against unreasonable searches and seizures; and, violating the Eighth Amendment's ban against cruel and unusual punishment. Williams' use of excessive force and his infliction of serious injuries was an Eighth Amendment violation.

33. Chief Burns participated in the creation and allowance of a custom/policy/practice/culture of unreasonable, excessive, dishonest, and indiscriminate conduct by his officers, and he implicitly approved and/or condoned of such behavior permitting dishonesty among his rank and members, and permitting policy violations to go unpunished. By failing to take any remedial action, and in creating and allowing this culture of misconduct among Lawrence police officers, Chief Burns was deliberately indifferent to a substantial risk of serious harm to citizens who encountered his officers late at night, a risk that he disregarded by failing to take reasonable measures to abate it. Williams was allowed to break rules, including his excessive use of force in retaliation towards obstinate minor traffic offenders. Here, the force used by Williams against Tran was maliciously and sadistically used to cause harm. Chief Burns did not even look into the complaint filed in the O'Connor matter. He simply did not care. Chief Burns had the power and responsibility to prevent, or aid in the prevention of, the misconduct that took place. He could have, and should have, done so by exercising reasonable diligence. Instead, by knowingly, recklessly, and/or with deliberate indifference and callous disregard of Mr. Tran's

rights, he failed to take action. Chief Burns directly or indirectly, under color of law, approved or ratified the unlawful, unreasonable, excessive, and indiscriminate use of force exercised by Officer Williams.

34. There were affirmative links between the actions and omissions of Chief Burns and the actions and omissions and failures of Williams. Chief Burns personally participated in, and/or acquiesced to, the constitutional deprivations, and/or demonstrated deliberate indifference in his exercise of responsibilities for hiring, training, and supervising Williams. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.

35. The actions and omissions of Chief Burns constituted authorization, approval, and/or ratification of the culture of aggressive, unreasonable, malicious, sadistic, and wanton use of force by Williams. The actions and omissions of Chief Burns supported the violation of rights alleged herein. All of this gives rise to the liability and responsibility of the City of Lawrence, Kansas.

36. The actions and omissions and failures of Chief Burns demonstrated deliberate indifference to the safety and welfare of the citizens of Lawrence, and especially to Mr. Tran. Accordingly, Chief Burns is liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 *et seq.* for damages caused to Mr. Tran, including, but not limited to, unlawful deprivation of Mr. Tran's Eighth Amendment right to be free from cruel and unusual punishment, and his Fourth Amendment right against unreasonable seizures of his person.

**Federal Claims for Relief (42 U.S.C. § 1983)**
**COUNT I – Excessive Force**

37. Plaintiff adopts and incorporates by reference as if fully set forth herein paragraphs 1-36, *supra*.

38. The actions and inactions of Defendants which resulted in the assault and injury to Mr. Tran were done under color of state law and in a manner which caused Mr. Tran to suffer constitutional violations. Specifically, Defendants operated to violate Mr. Tran's right to not be subjected to cruel or unusual punishment as secured to him under the Eighth Amendment to the Constitution of the United States; Mr. Tran's right to not be deprived of life, liberty, or property without due process of law under the Fifth Amendment as incorporated by the Fourteenth Amendment to the Constitution of the United States; and, Mr. Tran's right to be accorded equal protection under the laws as guaranteed to Mr. Tran under the Fourteenth Amendment to the Constitution of the United States. Mr. Tran's Fourth Amendment right to be free from unreasonable seizures was also violated. A reasonable person would have known that these constitutional rights were clearly established at the time the alleged wrongful conduct occurred, and that such conduct violated these rights.

39. Defendants operated to violate Mr. Tran's civil rights as protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983.

40. All Defendants have practiced a policy of violating individual civil rights in violation of Civil Rights Act of 1871, 42 U.S.C. § 1983.

41. The conduct of Defendants in this matter was intentional, reckless, deliberate, wanton, sadistic, and/or malicious, and was indicative of their total, deliberate, and reckless

disregard of, and indifference to, Mr. Tran's life, his unnecessary pain and suffering, and the deprivation of his constitutional rights.

42. Defendants in the instant case inflicted force sadistically and maliciously for the sole purpose of causing pain in a manner that constituted gratuitous violence.

43. The amount of force used in this case was grossly disproportionate to the need to apply force or maintain discipline.  Moreover, the amount of force used was not in a good faith effort to maintain or restore discipline in circumstances under haste, under pressure, and without the luxury of a second chance.  Rather, Defendants acted maliciously, sadistically, unnecessarily, unprofessionally, and wantonly with intent or desire to cause harm and pain.

44. As a direct and proximate result of the unlawful conduct of Defendants, Mr. Tran was deprived of his civil rights.

45. The actions of Defendants violated Mr. Tran's civil rights as protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Mr. Tran is entitled to damages for the suffering, harm, and injury he incurred.

**COUNT II – Failure to Train and Supervise**
(As to City of Lawrence, Lawrence Police Department, and Chief Greg Burns)

46. Plaintiff adopts and incorporates by reference as if fully set forth herein paragraphs 1-45, *supra*.

47. The actions and inactions of Defendant Burns were done under color of state law and in a manner which caused Mr. Tran to suffer constitutional violations.  Specifically, Defendant Burns, through his failure to adequately train and supervise his staff, operated to violate Mr. Tran's right to not be subjected to cruel or unusual punishment as secured to him under the Eighth Amendment to the Constitution of the United States; Mr. Tran's right to not be deprived of life,

liberty, or property without due process of law under the Fifth Amendment as incorporated by the Fourteenth Amendment to the Constitution of the United States; and, Mr. Tran's right to be accorded equal protection under the laws as guaranteed to Mr. Tran under the Fourteenth Amendment to the Constitution of the United States. A reasonable person would have known that these constitutional rights were clearly established at the time the alleged wrongful conduct occurred, and that such conduct violated these rights.

48. Defendant Burns was aware that a lack of training or inadequate training created a substantial risk to citizens, but failed to provide adequate training despite that awareness. Further, he was aware that the inadequate training, or lack thereof, on the use of force was likely to lead to constitutional violations.

## COUNT III – Negligence
(As to Defendants Williams, City of Lawrence, and Lawrence Police Department)

49. Plaintiff adopts and incorporates by reference as if fully set forth herein paragraphs 1-48, *supra*.

50. Defendant Williams breached the duty of care owed when he beat and injured Mr. Tran in the course of an unconstitutional arrest.

51. The breach of the duty of care by Defendant Williams caused Mr. Tran to suffer substantial damages, including past and future medical expenses, past and future economic loss, and past and future noneconomic loss.

52. At all times relevant, Defendant Williams was acting in the scope of his employment with the City of Lawrence.

53. Pursuant to K.S.A. § 75-6103(a), the City of Lawrence is liable for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment.

## COUNT IV – Battery
(As to Defendants Williams, City of Lawrence, Lawrence Police Department)

54. Plaintiff adopts and incorporates by reference as if fully set forth herein paragraphs 1-53, *supra*.

55. Defendant Williams used unnecessary and excessive force on Mr. Tran, including the use of physically painful tactics to manipulate Mr. Tran, without his consent, and was done with the purpose of causing harmful or offensive contact with Mr. Tran.

56. As a direct and proximate result of Defendants' actions, Mr. Tran has incurred damages.

57. Defendants are liable for all damages incurred by Mr. Tran as a result of the injuries caused by Defendants' actions and inactions.

58. At all times relevant, Defendant Williams was acting in the scope of his employment with the City of Lawrence.

59. Pursuant to K.S.A. § 75-6103(a), the City of Lawrence is liable for damages caused by the negligent or wrongful acts of its employees while acting within the scope of their employment.

## COUNT V – Malicious Prosecution
(As to Defendants McGowan, Obozele, and Douglas County)

60. Plaintiff adopts and incorporates by reference as if fully set forth herein paragraphs 1-59, *supra*.

61. The Lawrence Police Department and Douglas County, through its employees McGowan and Obozele, are also liable for the malicious prosecution of Mr. Tran. Under Kansas law, a claim of malicious prosecution requires the following elements: 1) defendant initiated, continued, or procured to civil or criminal proceedings against the plaintiff; 2) in so doing, the defendant acted without probable cause; 3) defendant acted with malice; 4) the proceeding terminated in favor of the plaintiff; and, 5) plaintiff sustained damages as such. There was no probable cause to bring any criminal action against Plaintiff Tran. It was brought out of malice, just as the infliction of injuries was done with malice. The underlying case was finally dismissed with prejudice on November 10, 2020. Mr. Tran suffered damages as a result of the prosecution, including arrest, jail, bail, legal fees, shame, anxiety and distress, and loss of enjoyment of life.

## **Damages**

62. Plaintiff adopts and incorporates by reference as if fully set forth herein paragraphs 1-61, *supra*.

63. As a direct and proximate result of the aforementioned acts and/or omissions of Defendants, Plaintiff is entitled to recover damages. The damages for which Plaintiff seeks compensation from Defendants, both jointly and severally, include, but are not limited to, the following:

    a. The physical, mental, and emotional pain and suffering of Mr. Tran.

    b. Punitive damages.

    c. All costs, including any and all discretionary costs.

    d. That a jury be impaneled to try and all issues joined in this case.

    e. As authorized by 42 U.S.C. § 1988, Plaintiff seeks an award of attorneys' fees and costs as to those causes of action brought pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Duc Tran respectfully requests the following:

A. That the Court enter judgment in favor of Mr. Tran and against Defendants on all counts of the *Complaint*;

B. That the Court award compensatory damages to Mr. Tran and against Defendants, jointly and severally, in an amount to be determined at trial;

C. That the Court award punitive damages to Mr. Tran and against Defendants, jointly and severally, in an amount to be determined at trial in order that such award will deter similar proscribed conduct by Defendants in the future;

D. That the Court award to Mr. Tran, and against Defendants, prejudgment and post-judgment interest on all sums awarded him in this action, and that the Court further award Mr. Tran recovery of his costs concerning this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988; and,

E. That the Court grant Mr. Tran such other equitable relief that the Court deems appropriate.

                    Respectfully submitted,

                    /s/Kurt P. Kerns
                    Kurt Kerns, S.C. No. 15028
                    KERNS LAW GROUP
                    328 N. Main Street
                    Wichita, KS 67202
                    Telephone: 316.265.5511
                    Email: kurtpkerns@aol.com

                    Mark T. Schoenhofer, S.C. No. 15781
                    Law Office of Mark T. Schoenhofer, LLC
                    1631 E. 1st Street
                    Wichtia, KS 67214
                    Telephone: 316.262.5400
                    Email: mydefensefirst@yahoo.com
                    *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

COMES NOW, the plaintiff, and hereby demands jury trial on all issues so triable to a jury.

/s/Kurt P. Kerns
Kurt Kerns, S.C. No. 15028