## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUC MINH TRAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     **Case. No. 21-CV-2310-KHV-KGG** |
| | ) |
| THE COUNTY OF DOUGLAS, et al | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT OBOZELE'S
### MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS

### STATEMENT OF THE CASE

The following allegations are summarized from Plaintiff Duc Minh Tran's Amended Complaint.  They are allegations to which Defendant LeTiffany Obozele does not concur and are set forth here only for purposes of her Motion to Dismiss.

Tran alleges he was skateboarding on a public road in Lawrence and was stopped by former Lawrence Police Officer Brad Williams who told him that it was illegal.  Tran argued and Williams detained him.  Tran claims Williams used excessive force, injuring him.  Tran was taken to jail and thereafter released.  Doc. 3 (Complaint), ¶ 22.  Tran's counsel wrote to the police chief requesting preservation of evidence related to the incident.  *Id.*  Defendant Amy McGowan, Chief Assistant District Attorney, filed a complaint charging Tran for interference with law enforcement, assault of a law enforcement officer, and failure to obey lawful order of a police officer.  *Id.*  Tran alleges the charges were malicious and "manufactured" to protect

Williams.  *Id.*  The charges were dismissed November 20. 2020. Doc. 3, ¶ 61.  Tran alleges

Obozele assisted in the prosecution.  Doc. 3, ¶¶ 23, 61.

## LEGAL STANDARDS

The legal standards for dismissal are well known to the Court and need not be repeated

here.

## ARGUMENTS AND AUTHORITIES

1. **Obozele is entitled to absolute prosecutorial immunity for assisting in the prosecution of Tran.**

Tran's sole legal theory against Obozele appears to be malicious prosecution.  Tran

clearly brings a state law malicious prosecution count against Obozele in Count V, which

specifically names her.  It is also possible that Tran attempts to assert a federal malicious

prosecution type claim against Obozele through 42 U.S.C. § 1983 in Count I.  Count I is entitled

"Federal Claims for relief (42 U.S.C. § 1983) COUNT I—Excessive Force."  Unlike the other

Counts, it does not specify which Defendants it is against.  Paragraphs 38 through 41 make

general allegations of violation of constitutional rights by "Defendants."   Paragraphs 42 and 43

make specific allegations of use of excessive force during the arrest, but there is no allegation

that Obozele participated in the arrest.  Paragraphs 44 and 45 return to general allegations against

"Defendants."  It makes little difference whether Tran is asserting just a state-law malicious

prosecution claim or also a federal, because state-law prosecutorial immunity incorporates

federal prosecutorial-immunity standards and dismissal is required as to either or both.

In *Imbler v. Pachtman*, , 424 U.S. 409, 430 (1976), the Court noted and discussed the

long common-law history in the U.S. of granting prosecutors absolute prosecutorial immunity,

ultimately incorporating that doctrine into 42 U.S.C. § 1983.  The Court granted prosecutors

immunity for activates associated with the judicial process such as initiating a prosecution and presenting a case.

Kansas appellate courts have long held that prosecutors are entitled to common-law absolute prosecutorial immunity for actions intimately associated with the judicial phase of the criminal process.

In *Smith v. Parman*, 101 Kan. 115, 165 P. 663, 663 (Kan. 1917), the court held a prosecutor immune from allegations the prosecutor "maliciously and without probable cause institutes a prosecution . . ...."  In *Knight v. Neodesha, Kan., Police Dept*, 5 Kan.App.2d 472, 476 (1980), the court said as to a state-law malicious prosecution claim against a prosecutor, "[a] prosecutor has absolute immunity from common law suits for malicious prosecution.  *Imbler v. Pachtman*, 424 U.S. 409, 422-24, 96 S.Ct. 984, 991-992, 47 L.Ed.2d 128 (1976)."  In *McCormick v. Board of County Com'rs of Shawnee County*, 272 Kan. 627, 634 (2001), the court said that prosecutors are entitled to absolute judicial immunity for acts "intimately associated with the judicial phase of the criminal process . . .", although in *McCormick* absolute immunity was ultimately denied because the prosecutor stepped beyond the role of a prosecutor by swearing out a probable cause affidavit.

Most recently, in an unpublished decision, the Kansas Court of Appeals panel said, "[w]e are persuaded that the common law still provides prosecutors with absolute prosecutorial immunity provided the prosecutor's actions are 'intimately associated with the judicial phase of the criminal process,' 272 Kan. at 634, such as the filing of a criminal complaint or information." *Moral v. Telegram Pub. Co., Inc*., No. 107,527, 2013 WL 3970173, at *5 (Kan.App.,2013) (*quoting McCormick*.)

## CONCLUSION

The allegation against Obozele is that she assisted in prosecuting the case against Tran.

Doc. 3, ¶ 24.  Obozele is entitled to absolute prosecutorial immunity under Kansas common-law

as to the state-law malicious prosecution claim and as to any such claim Tran may be asserting

under 42 U.S.C. § 1983.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/Stephen Phillips*
Stephen Phillips, KS No. 14130
Asst. A.G., Civil Litigation Div.,
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
TEL:   (785) 296-2215
FAX:   (785) 291-3767
steve.phillips@ag.ks.gov
*Attorney for LeTiffany Obozele*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021 the above and foregoing was filed with the clerk
of the court by using the CM/ECF system which will send notice to counsel of record.

*/s/ Stephen Phillips*
Stephen Phillips
Assistant Attorney General