# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# (KANSAS CITY)

| | |
|---|---|
| DUC MINH TRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-CV-02310 |
| | ) |
| THE COUNTY OF DOUGLAS; DOUGLAS | ) |
| COUNTY BOARD OF COMMISSIONERS; | ) |
| LAWRENCE POLICE DEPARTMENT; THE | ) |
| CITY OFLAWRENCE; LAWRENCE BOARD | ) |
| OF CITY COMMISSIONERS; | ) |
| BRAD WILLIAMS, police officer; | ) |
| GREGORY C.BURNS, police chief; AMY A. | ) |
| McGOWAN, former Chief Assistant District | ) |
| Attorney; and, LeTIFFANY OBOZELE, Chief | ) |
| Prosecutor, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## RESPONSE TO DEFENDANTS LAWRENCE POLICE DEPARTMENT, THE CITY OF LAWRENCE, AND THE LAWRENCE BOARD OF CITY COMMISSIONERS' MOTION TO DISMISS

**COMES NOW**, the plaintiff, Duc Minh Tran, by and through his counsel of record, Kurt P. Kerns of Kerns Law Group and Mark T. Schoenhofer of the Law Office of Mark T. Schoenhofer, LLC, and responds to the motion to dismiss filed by the defendants Lawrence Police Department, the City of Lawrence and the Lawrence Board of City Commissioners.

Defendants raise 5 issues in their motion to dismiss: 1) the statute of limitations bars Plaintiff's claims pursuant to 42 U.S.C. 1983; 2) the Lawrence Police Department is not a legal entity; 3) the amended complaint does not state a claim for failure to train or supervise; 4) claims

against the Board of City Commissioners fail as a matter of law; 5) the Court should decline supplemental jurisdiction over Plaintiff's state law claims. All issues fail.

In considering a motion to dismiss, all well-pleaded factual allegations are *accepted as true* and viewed in the light most favorable to the non-movant. *GFF Corp. v. Associated Wholesale Grocers*, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (emphasis added). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

1) **The Amended Complaint is barred by the Statute of Limitations**.

Citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007), the defense acknowledged that "federal law 'looks to the law of the state in which the cause of action arose' to determine the applicable statute of limitations." (ECF Doc. 11, at 4/13.)  The defense further acknowledged that the two year statute of limitations applies to a 1983 claim. *Id*.

The defense argues that because the arrest of Plaintiff occurred on June 29, 2019, he was beyond the two year statute of limitations when he filed suit on July 16, 2021.  This argument fails for two reasons.

First, the Lawrence Defendants ignore Plaintiff's claim for malicious prosecution in their arguments.  The statute of limitations for a malicious prosecution claim is one year from a favorable decision in the proceedings. Under Kansas law, a claim of malicious prosecution requires the following elements: 1) defendant initiated, continued or procured to civil or criminal proceedings against the plaintiff; 2) in so doing, the defendant acted without probable cause; 3) defendant acted with malice; 4) the proceeding terminated in favor of the plaintiff; and 5) plaintiff sustained damages as such. *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1561 (D. Kan.

1993) aff'd by 17 F.3d 1436 (10th Cir. Mar 1, 1994) (citations omitted). An essential element for bringing a claim of malicious prosecution is that plaintiff must have received a favorable decision in the proceeding. *Nelson v. Miller*, 227 Kan. 271, 607 P.2d 438, 443 (Kan. 1980). The state appellate courts have held that a 42 U.S.C. § 1983 action for malicious prosecution is subject to a one year statute of limitations as set forth under Kan. Stat. Ann. § 60-514. See *Miller v. City of Overland Park*, 231 Kan. 557, 562-63, 646 P.2d 1114 (Kan. 1982).

The Plaintiff's claim of malicious prosecution only accrued on November 10, 2020. Suit here was filed on July 16, 2021—within the one year statute of limitations. In short, the statute of limitations does not bar this action, because a claim of malicious prosecution requires the successful outcome of a prosecution wrongfully initiated. On November 10, 2020, the district court dismissed with prejudice the complaint/information filed against the Plaintiff. (See Exhibit A, attached.) Eight months later, the Plaintiff filed suit (within the 1 year statute of limitations).

The second reason the statute of limitations argument fails is because of the effect of Covid on Kansas law. Pursuant to Administrative Order, Chief Justice Marla Luckert suspended statutory deadlines in Kansas from May 1, 2020 to April 15, 2021 (11 months).[1] House Bill 2227, sponsored by the Committee on the Judiciary, addresses the operation of deadlines or time limitations upon termination of the administrative orders. The Kansas Legislative Research Department released a summary of the legislation.

---

[1] Administrative Order 2020-PR-047, filed May 01, 2020, suspending deadlines until further order; Administrative Order 2020-PR-058, filed May 27, 2020, suspending deadlines until further order; Administrative Order 2020-PR 101, filed on September 15, 2020, continuing Administrative Order suspending statutes of limitations; Administrative Order 2020-PR-107, filed October 14, 2020, continuing Administrative Order suspending statutes of limitations; Administrative Order 2020-PR-113, filed November 13, 2020, continuing Administrative Order suspending statutes of limitations; Administrative order 2020-PR-130, filed December 15, 2020, continuing Administrative Order suspending statutes of limitations; Administrative Order 2021-PR-001, continuing Administrative Order suspending statutes of limitations. Administrative Order 2021-PR-009, continuing Administrative Order suspending statutes of limitations; Administrative Order, 2021-PR-020, lifting suspension of statute of limitations on April 15, 2021.

The summary, attached as Exhibit B, provides the following: "The bill provides that on the date an order issued under this statute terminates, for a deadline or a time limitation that did not begin to run due to the order, a person shall have the full period provided by law to comply with such deadline or time limitations and have the same number of days to comply with the deadline or time limitation as the person had when the deadline or time limitation was extended or suspended."

Again, all statutes of limitations in Kansas were suspended on May 1, 2020. At that time, Plaintiff had 13 months and 29 days before the original statute of limitations ran on his 1983 and negligence claims (May 1, 2020 to June 29, 2021). Because of the effect of House Bill 2227, Plaintiff's statute of limitations was extended an additional 13 months, 29 days. Even if that additional 13 months and 29 days is intended to be added to April 15, 2021 (when the suspension lifted), Plaintiff nonetheless had an additional 11 months, and 14 days from June 16, 2020 to file suit. In short, Plaintiff's claims are not barred by the Statute of Limitations. Lawrence Defendants' argument fails.

2) **The Lawrence Police Department is not a separate Legal Entity which can be sued?**

Plaintiff concedes this point.

3) **The Amended Complaint Does Not State a Claim for Failure to Train or Supervise.**

The Lawrence Defendants have moved to dismiss plaintiff's §1983 failure to train and supervise claims pursuant to Fed.R.Civ.P. 12(b)(6). (ECF Doc. 11, at 7-10.) When considering whether a plaintiff s claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Shields*, 744 F.3d at 640 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In paragraphs 14 – 20 of the amended complaint, the Plaintiff sets forth in great detail the underlying facts of Officer Bradley Williams encounter with the Plaintiff. In paragraph 25 of the amended complaint, the Plaintiff alleges these additional facts:

> Chief Burns was grossly negligent, reckless and malicious for failing to properly educate, train and supervise Defendant Williams, specifically related to use of force, de-escalation of tense encounters (Verbal Judo), and the proper handling of nonviolent offenders. Williams lost his temper, yelled at the top of his vocal range, and used cruel, excessive force to punish Mr. Tran. Chief Burns also failed to properly train Williams to render aid to individuals he injures through the use of force. Mr. Tran was taken to the jail, not the hospital, after this incident, despite broken bones and dislocations.

In paragraph 27, the Plaintiff alleges facts that support his claim that the defendant Chief Burns and the Lawrence Police Department were deliberately indifferent to the dishonesty of its officers (Williams and Wonderly), and the physical abuse inflicted by Defendant Brad Williams:

> Williams had previously exhibited repeated abusive and dishonest behavior. For example, on February 12, 2019, the attorney for Jameson O'Connor wrote a letter to Chief Burns following trial in the case of *City of Lawrence v. Jameson O'Connor*. Counsel informed Chief Burns that Mr. O'Connor was charged with a crime based on falsified reports and reports containing material omissions of two officers. The two officers were Brad Williams and Brian Wonderly. Counsel advised Chief Burns that he

> obtained a video recording of the incident that directly contradicted the reports of these two officers. Counsel also pointed out that the officers' bodycam recordings contradicted their own reports. Counsel sent to Chief Burns a copy of the trial transcript, where the testimony of the two officers confirmed Williams' deceit. No investigation was conducted by Burns, and defense counsel did not get a letter from the department in response to his complaint until 16 months had passed. Only when Duc Tran's criminal counsel demanded the investigation of the O'Connor complaint did the letter to O'Connor's counsel appear. The dishonesty of Williams was ignored by the department. The investigation into Williams' behavior was ignored for more than a year.

No investigation into William's perjury in the O'Connor case had even been started by Chief Burns before he left the employment of Lawrence, Kansas. No investigation into Williams' conduct was commenced at all for more than a year. Hence, no discipline, no additional training and/or education, or supervision was ordered for Williams. When an investigation was conducted, the Department concluded that there had been no violation of the law or Department policies. Likewise, the Department found no use of force violation or policy violation for Williams' conduct in fracturing the proximal end of Plaintiff's left ulna, dislocating Plaintiff's right shoulder, chipping Plaintiff's tooth, and the other injuries to plaintiff.

In paragraph 33 of Plaintiff's complaint, the Plaintiff alleges the Deliberate Indifference and a Custom/Policy/Practice/Culture of Misconduct:

> Chief Burns participated in the creation and allowance of a custom/policy/practice/culture of unreasonable, excessive, dishonest, and indiscriminate conduct by his officers, and he implicitly approved and/or condoned of such behavior permitting dishonesty among his rank and members, and permitting policy violations to go unpunished. By failing to take any remedial action, and in creating and allowing this culture of misconduct among Lawrence police officers, Chief Burns was deliberately indifferent to a substantial risk of serious harm to citizens who encountered his officers late at night, a risk that he disregarded by failing to take reasonable measures to abate it. Williams was

allowed to break rules, including his excessive use of force in retaliation towards obstinate minor traffic offenders. Here, the force used by Williams against Tran was maliciously and sadistically used to cause harm. Chief Burns did not even look into the complaint filed in the O'Connor matter. He simply did not care. Chief Burns had the power and responsibility to prevent, or aid in the prevention of, the misconduct that took place. He could have, and should have, done so by exercising reasonable diligence. Instead, by knowingly, recklessly, and/or with deliberate indifference and callous disregard of Mr. Tran's rights, he failed to take action. Chief Burns directly or indirectly, under color of law, approved or ratified the unlawful, unreasonable, excessive, and indiscriminate use of force exercised by Officer Williams.

In Paragraphs 34 and 35 of the complaint, the Plaintiff alleges affirmative links, ratification and responsibility for the conduct:

> There were affirmative links between the actions and omissions of Chief Burns and the actions and omissions and failures of Williams. Chief Burns personally participated in, and/or acquiesced to, the constitutional deprivations, and/or demonstrated deliberate indifference in his exercise of responsibilities for hiring, training, and supervising Williams. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.
>
> The actions and omissions of Chief Burns constituted authorization, approval, and/or ratification of the culture of aggressive, unreasonable, malicious, sadistic, and wanton use of force by Williams. The actions and omissions of Chief Burns supported the violation of rights alleged herein. All of this gives rise to the liability and responsibility of the City of Lawrence, Kansas.

The facts alleged in the Plaintiff's amended complaint reflect a deliberate and conscious choice by the chief and the Lawrence Police Department. Moreover, the complaint alleges facts that address all 3 elements necessary to prove a claim of failure to train and supervise. In other words, there are enough facts in Plaintiff's amended complaint to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level".

Accordingly, the defendant's argument must fail.

### 4) Claims against the Lawrence Board of City Commissioners Fails as a Matter of Law.

Plaintiff will concede this point, supported by *Koppenhaver v. Unified Sch. Dist. No. 500*, No. 12-2286, 2013WL1704917 (D. Kan. Apr. 18, 2013), if Lawrence Defendants concede that that the City of Lawrence is properly pled in this lawsuit.

### 5)  The Court Should Decline Supplemental Jurisdiction over Plaintiff's State Law Claims.

This issue is not ripe, as this Court has not granted the Defendant's motion to dismiss based on their statute of limitations argument.

**WHEREFORE**, Plaintiff prays that this Court will deny the Defendant's motion to dismiss based on its 1st and 3rd and 5th arguments.

Respectfully submitted,

/S Mark T. Schoenhofer, Attorney
Mark T. Schoenhofer, #15781
1631 E. 1st Street
Wichita, Kansas 67214
316-262-5400
Fax: 316-262-1787
Email: mydefensefirst@yahoo.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing response with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/S Mark T. Schoenhofer, Attorney

Mark T. Schoenhofer, #15781