# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUC MINH TRAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-2310-KHV-KGG |
| THE COUNTY OF DOUGLAS, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM & ORDER GRANTING
## MOTION FOR LEAVE TO AMEND COMPLAINT

NOW BEFORE THE COURT is the "Motion for Leave to File Second Amended Complaint" filed by Plaintiff. (Doc. 40.) The motion requests leave to remove Defendants dismissed from this action, assert a malicious prosecution claim against individual Defendant police officer Brad Williams and Defendant City of Lawrence, Kansas (Count V),[1] and assert a §1983 malicious prosecution claim against Defendant Williams (Count VI). After review of the parties' submissions, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

---

[1] The malicious prosecution claim was initially asserted against prosecutors, who were subsequently dismissed from this action on grounds of prosecutorial immunity. (*See* Doc. 23.)

1

Plaintiff initially filed suit on July 16, 2021, against the Police Department of Lawrence, Kansas, the City of Lawrence, the Lawrence Board of City Commissioners, police officer Brad Williams, police chief Gregory Burns, former Chief Assistant District Attorney Amy McGowan, and Chief Prosecutor LeTiffany Obozele.[2]  (Docs. 1, 3.)  Plaintiff's claims result from a 2019 incident in which Williams detained and arrested plaintiff for skateboarding in a city street.  Plaintiff asserted claims for (1) §1983 excessive force against Williams (Count 1); (2) §1983 failure to train and supervise against Burns, the City, and the Police Department (Count 2); (3) negligence and battery against Williams, the City, and the Police Department (Counts 3 and 4); and (4) malicious prosecution against McGowan, Obozele, and Douglas County (Count 5).  (*Id*.)

Defendants filed two Motions to Dismiss various claims against them. (Docs. 10, 12.)  On November 24, 2021, the District Court dismissed Defendants Lawrence Police Department and the Board of City Commissioners but not the City of Lawrence.  (Doc. 23.)  The District Court also dismissed individual Defendant Obozele on the basis of absolute prosecutorial immunity.  (*Id*., at 14-16.)  Defendant McGowan was subsequently dismissed on December 10, 2021, because she had not been served within 90 days of filing the Complaint.  (Doc. 28.)

---

[2] The lawsuit originally included Defendants Douglas County, Kansas, and Douglas County Board of Commissioners, which Plaintiff dismissed by stipulation on August 16, 2021.  (Doc. 15.)

Plaintiff filed the present motion to amend on March 8, 2022. (Doc. 40.) The deadline to do so included in the Scheduling Order was February 18, 2022. (Doc. 34-1, at 9.)

With the proposed Second Amended Complaint (Doc. 40-1), Plaintiff seeks to remove Defendants dismissed from this action, assert a malicious prosecution claim against Williams and the City of Lawrence, and assert a §1983 malicious prosecution claim against Williams. Defendants City of Lawrence, Williams, and Burns jointly argue that Plaintiff should not be allowed to file the proposed Second Amended Complaint on the basis of timeliness and because the motion fails to establish the standards mandated by Fed.R.Civ.P. 15(a) and 16. (Doc. 43.)

## ANALYSIS

**I.    Standards for Motions to Amend.**

Motions to amend pleadings are governed by Fed.R.Civ.P. 15(a), which provides that a pleading may be amended "once as a matter of course within … 21 days after service of a responsive pleading." Fed.R.Civ.P. 15 (a)(1)(B). Because more than 21 days have elapsed since Defendants filed their Answers, Plaintiff may amend "only with the opposing party's written consent," which has not been provided, "or the court's leave." Fed.R.Civ.P 15(a)(2).

Further, Plaintiff has moved to amend past the deadline established in the Scheduling Order. As a result, Fed.R.Civ.P. 16(b)(4) is implicated. That portion of Rule 16 states that the Scheduling Order "may be modified only for good cause and with the judge's consent." To establish "good cause," the moving party must "show that the amendment deadline could not have been met even if it had acted with due diligence." ***Camp v. Gregory, Inc.***, 12-1083-EFM-KGG, 2013 WL 391172, at *2 (D. Kan. Jan. 30, 2013) (citation omitted). A court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for an abuse of discretion. *Id*.

Courts in this District employ a two-step analysis applying Rules 15(a) and 16(b) to first determine whether the moving party has established "good cause" for bringing the motion out of time pursuant to Rule 16. If so, a court will then determine whether justice requires the amendment under Rule 15(a). Courts are to "freely give leave when justice so requires." *Id*. "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." ***Calderon v. Kan. Dept. Soc. & Rehab. Servs.***, 181 F.3d 1180, 1186 (10th Cir. 1999)).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of amendment." ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). "The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." ***Causer v. Somers***, No. 18-1221-JWB-GEB, 2020 WL 6742790, at *8 (D. Kan. Nov. 17, 2020). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Williamson v. United Parcel Service, Inc.***, 2020 WL 1638063, at *2 (D. Kan. April 2, 2020) (citation omitted).

To withstand dismissal, a complaint or amendment need only make a statement of the claim and provide some factual support. ***Bell Atlantic v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). "It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true." ***Williamson***, 2020 WL 1638063, at *2 (citing ***Twombly***, 550 U.S. at 556). In other words, applying this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party." ***Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09-2626-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

The proposed amendment should be found futile only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law." *Id*. (citing ***Raytheon Aircraft Co. v. U.S.***, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).) The party opposing the amendment has the burden of showing the proposed amendment is futile. ***Williamson***, 2020 WL 1638063, at *2 (citing ***Layne Christensen Co. v. Bro-Tech Corp.***, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011)).

## II. Rule 16 Factors.

The Court's first inquiry is whether Plaintiff could have moved to amend by the deadline set forth in the Scheduling Order with due diligence. "The deadlines set by the Court in its Scheduling Orders are not merely aspirational." ***Little v. Budd Co., Inc.***, No. 16-4170-DDC-KGG, 2018 LW 276773, at *1 (D. Kan. Jan. 3, 2018). Rather, the orderly, timely and efficient management of litigation by the Court and counsel is important to the administration of justice. *See* Fed.R.Civ.P. 1. Tardy substantive changes to the Scheduling Order can be unfair, and can cause substantial delay and expense. Thus, actions beyond those deadlines are only allowed for good cause. ***Little***, 2018 LW 276773, at *1.

Plaintiff acknowledges the motion was not timely, but argues that good cause is established because new counsel has entered on behalf of Plaintiff in the

case.  (Doc. 40, at 3 (citing ***Strauss v. Angie's List, Inc***., No. 17-2560-HLT-TJJ, 2018 WL 6204596, at *2 (D. Kan. Nov. 28, 2018); ***CGB Diversified Servs., Inc. v. Forsythe***, No. 20-CV-2120-TC-TJJ, 2021 WL 672168, at *2 (D. Kan. Feb. 22, 2021); ***Anderson v. Bratton***, No. 07-3017-JAR, 2008 WL 9758640, at *3 (D. Kan. July 28, 2008)).  Attorney Sean McGivern entered his appearance for Plaintiff on March 4, 2022, and Mark Schoenhofer subsequently withdrew.  (Docs. 38, 29.)

    Defendants ignore Plaintiff's stated justification for bringing the motion after the deadline.  (*See generally* Doc. 43.)  Rather, Defendants focus on the argument that Plaintiff was "aware of the facts surrounding any purported claim for malicious prosecution because the cause of action was brought in his original Complaint albeit against other parties."  (*Id*., at 3.)  Defendants continue that Plaintiff failed to show "he has been presented with new facts that would have made him unable to meet the deadline set forth in the Scheduling Order if he had acted with due diligence."  (*Id*.)

    Plaintiff has explained, however, that

> counsel Mark Schoenhofer, who regularly handles federal civil rights litigation, stopped being involved in this case in December 2021, leaving Kurt Kerns as the attorney prosecuting this case.  Mr. Kerns is a criminal lawyer who does not regularly handle civil cases.  Mr. Kerns sought new counsel to assist in this case in February 2022.  Undersigned counsel Sean McGivern, who has experience handling civil rights cases, recently agreed to take up representation of Plaintiff Tran along with Mr. Kerns.  In this process, Plaintiff's counsel did

>not take up the amendment issue within the time allowed
>by the scheduling order.

(Doc. 40, at 3.)  Defendant makes no attempt to refute these factual averments or this argument generally.  The Court finds that Plaintiff has adequately shown good cause for bringing the present motion a matter of weeks after the deadline to do so.  The Court's analysis will thus turn to Rule 15.

### III. Rule 15 Factors.

In opposition to Plaintiff's motion, Defendants argue that the factors to be considered under Fed.R.Civ.P. 15 preclude the proposed amendment because it is "untimely, because the amendment prejudices Defendants and because the proposed amendment is futile."  (Doc. 43, at 4.)  The Court will address each of these factors in turn.

#### A. Undue Delay.

In determining whether a delay is undue, the Tenth Circuit focuses primarily on the reasons for the delay.  Denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay.'" ***Minter v. Prime Equip. Co.***, 451 F.2d 1196, 1206 (10th Cir. 2006) (citations omitted)).  An unexplained delay by itself can be adequate justification for the denial of a motion to amend.  ***Durham v. Xerox Corp.***, 18 F.3d 836, 840 (10th Cir. 1994).

In arguing unduly delay, Defendants rely on their arguments made in the previous section "relating to the good cause standard of Fed.R.Civ.P. 16(b)

8

apply to whether plaintiff's amendment should be allowed under Fed.R.Civ.P. 15(a)." (Doc. 43, at 4.) According to Defendants, "[g]ood cause has not been shown as to why the proposed amendments were not brought within the time frame proscribed by the Court." (*Id*., at 5.) For the reasons discussed in Section II, *supra*, the Court **overrules** Defendants' timeliness objection.

### B.   Undue Prejudice.

Defendants argue that if Plaintiff's motion is granted, they "will be prejudiced because this matter will be delayed not only by the briefing of this motion, but by a Motion to Dismiss the claims brought in the Second Amended Complaint." (Doc. 43, at 5.) The Court acknowledges that the proposed amendments change this litigation for Defendants. That stated, this proposed amendment must not be viewed in a vacuum that considers only the impact on Defendants.

Litigation is, in and of itself, a prejudicial process. Virtually any litigation-related position or action by an opposing party has the potential to be prejudicial to other parties. The issue herein is not whether Defendants will be prejudiced, but whether the prejudice incurred by Defendants is undue. Given the nature of Plaintiff's claims and the issues in dispute in this lawsuit, the Court finds that the prejudice to Defendants is not undue, particularly in the context of the importance of Plaintiff's proposed claims. This objection is **overruled**.

### C.  Futility.

The burden is on Defendants to establish the futility of Plaintiff's proposed amendment.  *Pekareck v. Sunbeam Products*, No. 06–1026–WEB, 2006 WL 1313382, at *3 (D.Kan. May 12, 2006).  A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *ConAgra Foods Food Ingredients Co., Inc. v. Archer-Daniels-Midland Co.*, No. 12-2171-EFM-KGS, 2014 WL 359566, at *2 (D. Kan. Feb. 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted)).

To be facially plausible, a claim must include sufficient factual matter "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Suture Express, Inc. v. Cardinal Health 200, LLC*, 963 F. Supp. 2d 1212, 1218 (D. Kan. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)).  This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."

*Id*. (citing ***Bell Atlantic v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).  In determining the facial plausibility of an asserted claim, the Court need consider "conclusory allegations, unwarranted inferences, or legal conclusions."  ***Hackford v. Babbitt***, 14 F.3d 1457 (10th Cir. 1994).  As discussed above, however, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."  ***Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09-2626-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

Defendants first argue that a claim for malicious prosecution against the City is futile because "the City was not a party to the criminal complaint against plaintiff and it did not initiate the same."  (Doc. 43, at 6.)  Rather, the criminal charges brought against plaintiff were from the State of Kansas, not the City of Lawrence.  (*Id*., at 5-6; *see* Doc.3, ¶22.)

Defendants also argue futility "because the City is immune to allegations arising from Plaintiff's criminal prosecution."  (*Id*., at 6.)  The United States Supreme Court has held that state prosecutors are "absolutely immune for initiating a prosecution and in presenting the State's case."  ***Burns v. Reed***, 500 U.S. 478, 491-92, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (citing ***Imbler v. Pachtman***, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (finding prosecutorial immunity where the "activities were intimately associated with the judicial phase

11

of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force.").) Citing K.S.A. § 75-6104(i), Defendants argue that "[b]ecause the prosecutor enjoys absolute immunity from prosecuting criminal matters, Plaintiff cannot state a claim against the City related to his criminal prosecution." (Doc. 43, at 6.)

Plaintiff's proposed amendment, however, alleges that Defendant police officer Williams "fabricat[ed] evidence about Plaintiff … causing the prosecutors to initiate and pursue charges against him." (Doc. 43, at 2; Doc. 40-1, at 1.) Discretionary function immunity under the Kansas Tort Claims Act protects choice by a government agent among otherwise reasonable options. ***Estate of Randolph v. City of Wichita***, 57 Kan. App. 2d 686, syl. 7, 459 P.3d 802 (2020), *rev. denied* (Aug. 31, 2020). Thus, a government agent "cannot be successfully sued for selecting one reasonable course of action over other reasonable approaches, although one of the discarded approaches arguably might have been better." *Id*. That stated, the Act provides that "immunity does not protect a government agent's choice of a patently unreasonable or plainly wrongful course of conduct over other options." *Id*.

Plaintiff's proposed allegations against Defendant police officer Williams – that he wrote up a false narrative supporting arrest after Plaintiff's counsel sent a request for preservation of evidence – are clearly not "reasonable." Further,

12

pursuant to the KTCA, "each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state." K.S.A. §75-6103(a).

Plaintiff's proposed claim is, therefore, not futile for purposes of the present motion. Defendants' futility objection is **overruled** and Plaintiff's motion to amend is **GRANTED**.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. 40) is **GRANTED**. Plaintiff shall file his Second Amended Complaint, as attached to his motion, **within 14 days of the date of this Order**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of April, 2022.

/S KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge