IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DUC MINH TRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 21-2310-KHV |
| THE CITY OF LAWRENCE, BRAD ) | |
| WILLIAMS and GREGORY C. BURNS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Duc Minh Tran filed suit against defendants based on an incident in 2019, when Brad Williams, a police officer, detained and arrested plaintiff for skateboarding in a city street in Lawrence, Kansas. Plaintiff asserts (1) a claim for excessive force against Williams under 42 U.S.C. § 1983, (2) a claim against Chief of Police Gregory C. Burns and the City of Lawrence for failure to train and supervise under 42 U.S.C. § 1983, (3) a claim against Williams, Burns and the City for negligence; (4) a claim against Williams and the City for battery, and (5) a claim against Williams and the City for malicious prosecution. Second Amended Complaint (Doc. #50) filed April 14, 2022. This matter is before the Court on Defendant City Of Lawrence, Kansas' Motion To Dismiss Count V Of Plaintiff's Second Amended Complaint (Doc. #53) filed April 28, 2022. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely

conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id. at 678. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Id. However, plaintiff must show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Fed. R. Civ. P. 8(a)(2) depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Plaintiff's second amended complaint alleges as follows:

Plaintiff is a resident of Lawrence, Kansas. Brad Williams is a former police officer for the Lawrence Police Department.

On June 29, 2019, Williams stopped Tran, who was skateboarding with friends in the roadway of the 700 block of New Hampshire Street in Lawrence, Kansas. Second Amended Complaint (Doc. #50), ¶ 10. Tran told Williams that it was legal to skateboard in the roadway

because he could not do so on the sidewalks in that area. Williams insisted that such conduct was illegal under Section 136 of the standard traffic ordinance for Kansas cities. Id., ¶ 15; see K.S.A. § 8-2002(a)(21) ("No person upon roller skates, or riding in or by means of any coaster, toy vehicle, or similar device, shall go upon any roadway except while crossing a street at a cross walk and except upon streets set aside as play streets."). Tran understood that Section 136 did not apply to skateboards because it does not include the specific term "skateboard," which the legislature used in other sections of the standard traffic ordinance.

Tran asked Williams, "Are you going to arrest me?" Williams responded that "You are not free to leave," to which Tran, again, responded, "Are you going to arrest me?" Id., ¶ 11. Williams then tackled Tran. Id., ¶ 13. Williams grabbed one of Tran's arms and twisted it and lifted it, which fractured the proximal of Tran's left ulna and dislocated his shoulder. Id. Tran attempted to comply with Williams' order during the arrest, but could not do so because Williams put the full weight of his body on him. Id. Tran told Williams numerous times that "you are breaking my arm" and "you're hurting me." Id.

After Williams handcuffed Tran, he lifted him by the handcuffs, which further aggravated Tran's arm injury. Id., ¶ 14. Williams also drove Tran's face into the ground, resulting in Tran chipping one of his teeth. Id. In detaining Tran, Williams used excessive, indiscriminate and unreasonable force in violation of department policy and contrary to national standards. Id., ¶ 24.

Tran again asked Williams if he was going to arrest him. Williams responded "Hey, you're not charged and I need you to listen." Id., ¶ 17. Williams then took Tran to jail. Law enforcement officers released Tran without filing any charges.

After law enforcement officers released Tran, his attorney sent a letter to then Chief of Police of the Lawrence Police Department, Gregory Burns, asking him to preserve all evidence

related to Tran's arrest because of a potential civil lawsuit. After Williams learned of the letter, he prepared an affidavit "filled with lies" and presented it to the District Attorney's Office. Id., ¶ 18. Contrary to the statements in Williams' affidavit, Tran never turned his back on Williams, walked away or threatened Williams. Id., ¶ 12. Chief Assistant District Attorney Amy McGowan then filed a complaint which charged Tran with interference with law enforcement (a class A nonperson misdemeanor); assault of a law enforcement officer (a class A person misdemeanor); and failure to obey a lawful order of police officer (an unclassified misdemeanor). Williams knew that the charges lacked probable cause and that the charges were manufactured solely to protect Williams from an excessive force claim based on his needless infliction of physical injuries on Tran. Id., ¶ 18. On November 10, 2020, the State dismissed the charges against plaintiff with prejudice.

On July 16, 2021, plaintiff filed suit in this Court. As relevant here, he asserts a claim against Williams and the City for malicious prosecution.

## Analysis

The City of Lawrence argues that plaintiff cannot state a claim for malicious prosecution because (1) the State of Kansas—not the City—initiated and pursued the criminal complaint against plaintiff; and (2) the City is afforded immunity on plaintiff's claim because it arises from his criminal prosecution. On plaintiff's motion to amend his complaint based on futility, the City and Williams raised the same arguments. Magistrate Judge Kenneth G. Gale rejected defendants' arguments as follows:

> Plaintiff's proposed amendment, however, alleges that Defendant police officer Williams "fabricat[ed] evidence about Plaintiff . . . causing the prosecutors to initiate and pursue charges against him." (Doc. 43, at 2; Doc. 40-1, at 1.) Discretionary function immunity under the Kansas Tort Claims Act protects choice by a government agent among otherwise reasonable options. Estate of Randolph v. City of Wichita, 57 Kan. App. 2d 686, syl. 7, 459 P.3d 802 (2020), rev. denied

(Aug. 31, 2020). Thus, a government agent "cannot be successfully sued for selecting one reasonable course of action over other reasonable approaches, although one of the discarded approaches arguably might have been better." Id. That stated, the Act provides that "immunity does not protect a government agent's choice of a patently unreasonable or plainly wrongful course of conduct over other options." Id.

Plaintiff's proposed allegations against Defendant police officer Williams—that he wrote up a false narrative supporting arrest after Plaintiff's counsel sent a request for preservation of evidence—are clearly not "reasonable." Further, pursuant to the KTCA, "each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state." K.S.A. § 75-6103(a).

Plaintiff's proposed claim [for malicious prosecution against Williams and the City] is, therefore, not futile for purposes of the present motion.

Memorandum & Order Granting Motion For Leave To Amend Complaint (Doc. #49) filed April 13, 2022 at 12–13.

Plaintiff argues that because defendants did not appeal the magistrate judge's ruling, the City is bound by his finding that plaintiff has stated a claim against the City for malicious prosecution. The Court need not address this issue because for substantially the reasons stated in Judge Gale's order and in the Memorandum In Opposition To Defendant City Of Lawrence's Motion To Dismiss Count V Of Plaintiff's Second Amended Complaint (Doc. #60) filed May 26, 2022, it agrees that plaintiff has stated a claim for malicious prosecution.

In its motion to dismiss, the City supplements its prior argument that it did not cause plaintiff's prosecution. Specifically, the City asserts that the chain of causation was broken because the District Attorney—after determining that probable cause existed—filed the criminal complaint. See Defendant City Of Lawrence's memorandum In Support Of Defendant's Motion To Dismiss Count V Of Plaintiff's Second Amended Complaint (Doc. #54) filed April 28, 2022 at 4 (citing Taylor v. Meachum, 82 F.3d 1556, 1564 (10th Cir. 1996) (applying 42 U.S.C. § 1983)).

The City also notes that the state district court determined that the charges against plaintiff were supported by probable cause.

Plaintiff correctly notes that to establish causation for malicious prosecution under Kansas law, he must establish that the City through Williams "initiated, continued or procured" the filing of the action. Nelson v. Miller, 227 Kan. 271, 276, 607 P.2d 438, 443 (1980); see Memorandum In Opposition To Defendant City Of Lawrence's Motion To Dismiss Count V Of Plaintiff's Second Amended Complaint (Doc. #60) at 6. Under Kansas law—like federal law—a defendant is liable if his conduct is the cause for the initial or continued prosecution of plaintiff. See Nelson, 227 Kan. at 276, 607 P.2d at 443. Accordingly, an allegation that the prosecutor or the state court relied on a police officer's false affidavit to establish probable cause is sufficient to establish that the police officer caused the filing of—or continuation of—the criminal action. See Taylor, 82 F.3d at 1564 (indictment breaks causal chain of causation "absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor"); see also Russell v. May, 306 Kan. 1058, 1078, 400 P.3d 647, 662 (2017) (in negligence action, if first actor could reasonably foresee intervening cause, his conduct may be considered proximate cause, notwithstanding intervening cause).

Here, plaintiff has sufficiently alleged that Williams' false affidavit caused the prosecutor and the state court to conclude that probable cause supported the charges against plaintiff. Specifically, plaintiff alleges that Williams prepared an affidavit that was "filled with lies." Second Amended Complaint (Doc. #50), ¶ 18. As a result, the prosecutor filed a complaint charging Tran with (1) interference with law enforcement, a class A nonperson misdemeanor; (2) assault of a law enforcement officer, a class A person misdemeanor; and (3) failure to obey a lawful order of police officer, an unclassified misdemeanor. Id. Plaintiff alleges that the charges

were not supported by probable cause and that Williams knew that the charges were "manufactured for the sole purpose of protecting Williams from his excessive force and his needless and cruel infliction of physical injuries" on plaintiff.  Id.  Plaintiff alleges that contrary to the statements in Williams' affidavit, Tran never turned his back on Williams, walked away or threatened Williams.  Id., ¶ 12.  Plaintiff has stated sufficient facts to establish that Williams made knowing misstatements in his affidavit which in turn caused the prosecutor to initiate the filing of the criminal complaint and the state court to allow the criminal proceeding against plaintiff to continue.[1]  Based on these same facts, plaintiff also has stated a claim against the City.  See K.S.A. § 75-6103(a) (governmental entity liable for damages caused by negligent or wrongful act or omission of employees acting within scope of employment under circumstances where governmental entity, if private person, would be liable).  The Court therefore overrules the City's motion to dismiss plaintiff's malicious prosecution claim.

**IT IS THERFORE ORDERED** that Defendant City Of Lawrence, Kansas' Motion To Dismiss Count V Of Plaintiff's Second Amended Complaint (Doc. #53) filed April 28, 2022 is **OVERRULED**.

Dated this 26th day of July, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] The City argues that the state court ruling establishes that "independent of the Affidavit," probable cause supported the charges against plaintiff.  See Defendant City Of Lawrence's Reply In Support of Its Motion To Dismiss Count V Of Plaintiff's Second Amended Complaint (Doc. #61) filed June 8, 2022 at 4.  The City's statement is refuted by the state court order which, in finding that the officer had probable cause to arrest plaintiff for assault, clearly relied on the contents of Williams' affidavit.  See Douglas County District Court Order Dated October 20, 2020 at 4 (probable cause to arrest based on statement in affidavit that Tran "raised his skateboard over [his] head as if to strike Officer Williams with the skateboard"), attached as Exhibit B to Defendant City Of Lawrence's memorandum In Support Of Defendant's Motion To Dismiss Count V Of Plaintiff's Second Amended Complaint (Doc. #54).